FAY, Circuit Judge,
concurring specially:
I concur in the court’s opinion, because we are bound by the decision of the Supreme Court in Consolidated Rail Corp. v. Gottshall, 512 U.S. 532, 114 S.Ct. 2396, 129 L.Ed.2d 427 (1994). In my view, however, the majority opinion in that case is contrary to the language, purpose, and spirit of the Federal Employers’ Liability Act (“FELA”), 45 U.S.C. § 51 et seq., and the Jones Act, 46 U.S.C. § 30104, concerning a seaman’s recovery of damages for a job-related injury. The core purpose of both is to provide covered employees with a safe place to work. Being required to work 90 and 105 hours per week for 70 or 84 days at a time is hardly being given a safe place to work. I fail to see the difference between being given a defective piece of equipment and being required to work outrageous hours, in determining whether or not the workplace was safe. Surely, an employer is no less negligent in doing either.
Most respectfully, my hope is that the Supreme Court will revisit this area of the law. As Justice Ginsburg stated in her dissent in Gottshall: “Instead of the restrictive ‘zone’ test that leaves severely harmed workers remediless, however negligent their employers, the appropriate FELA claim threshold should be keyed to the genuineness and gravity of the worker’s injury.” Gottshall, 512 U.S. at 572, 114 S.Ct. at 2419 (Ginsburg, J., dissenting).